**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JILL ABERCROMBIE,**

       **Plaintiff,**

**v.**                                                               Case No:   6:18-cv-772-Orl-40KRS

**PAGANO'S BROS, INC.,**

       **Defendant.**

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR SETTLEMENT APPROVAL (Doc. No. 11)**[1]
>
> **FILED:**      **June 22, 2018**

**I.   BACKGROUND.**

    Plaintiff, Jill Abercrombie, filed a complaint against Defendant, Pagano's Bros., Inc., alleging that Defendant failed to pay all of her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 1.  In this action, she seeks unpaid overtime wages and liquidated damages.  *Id.* at 4.

    On June 14, 2018—before Defendant appeared in the action—Plaintiff filed a notice of voluntary dismissal with prejudice.  Doc. No. 8.  The Court then required Plaintiff to advise the Court whether there had been a settlement in this matter.  Doc. No. 9.  In response, Plaintiff filed

---

[1] This document was originally filed as a response to the Court's Order of June 18, 2018.  The Court subsequently converted it to a motion for settlement approval.

a notice explaining that the parties had reached a settlement and that she had received all of the overtime and liquidated damages to which she had claimed she was entitled. Thus, she represented that there had been no compromise of her claims. Doc. No. 11. The notice was signed only by Plaintiff's attorney and does not appear to have been served on Defendant's attorney. She attached a copy of a document titled "Settlement and Release Agreement," which is signed only by Plaintiff. The document does not appear to have included an area for Defendant to sign. Doc. No. 11-1. Plaintiff also attached a letter from Defendant's attorney, Michael J. Politis, enclosing a check for the full settlement amount ($4,000.00). The letter states, "Enclosed herein please find an original settlement draft made payable to your Trust Account in the amount of $4,000.00, representing full and final satisfaction of any and all claims. I thank you for the general release signed by your client and I have provided a copy of same to my client as well. I thank you for working with me in resolving this matter in an amicable fashion." *Id.*

## II.   APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.   ANALYSIS.**

   *A.   Whether the Settlement Agreement is a Compromise.*

Under the terms of the parties' settlement agreement, Defendant agreed to pay Plaintiff $4,000.00 to settle this lawsuit. Doc. No. 11-1. Although the settlement agreement does not so state, Plaintiff's attorney represents that $925.00 of that amount represents payment for unpaid overtime, $925.00 represents payment for liquidated damages, and $2,150.00 represents attorney's fees. Doc. No. 11, at 1. The parties settled Plaintiff's claims before she filed answers to the Court's FLSA Interrogatories and provided the Court with information about the value of her claim. However, Plaintiff's counsel represents that Plaintiff claimed $925.00 in unpaid overtime compensation and an equal amount in liquidated damages. *Id.* Thus, Plaintiff's counsel represents that there has been no compromise of Plaintiff's claims. *Id.* In light of these representations, I recommend that the Court find that Plaintiff has not compromised her claims within the meaning of *Lynn's Food*.

---

   [2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

B.     *Attorney's Fees and Costs.*

Plaintiff's counsel has represented that $2,150.00 of the $4,000.00 settlement amount has been allocated to attorney's fees. Because Plaintiff has received all of the FLSA compensation arguably due, the amount of attorneys' fees and costs paid under settlement agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case. Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable. *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

C.     *Whether the Settlement is Fair and Reasonable.*

As noted above, Plaintiff is not compromising her claims. Thus, under *Lynn's Food*, the Court is not required to consider whether the settlement is fair and reasonable and need not approve the parties' settlement agreement. In an abundance of caution, however, I have reviewed the parties' settlement for fairness. On this point, I note that the presiding District Judge in this case has held: "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA." *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at * 1, 4 (M.D. Fla. April 3, 2015) (citations omitted); *see also Dyson v. Magnolia 3269A, Inc.*, No. 6:18-cv-270-Orl-40KRS, Doc. No. 12 (M.D. Fla. May 15, 2018), *report and recommendation adopted by* Doc. No. 14 (M.D. Fla. May 29, 2018) (finding a settlement to be fair and reasonable where plaintiff did not compromise her claims). Here, Plaintiff has represented that she will receive full compensation for her FLSA claims. Although Defendant did not sign the settlement agreement, Plaintiff has submitted a letter from Defendant's counsel suggesting that the settlement funds have already been paid and that Defendant consented to the settlement of the case. Doc. No. 11-2. Based on that

evidence and the Court's conclusion in *Williams*, I recommend that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

## IV.     RECOMMENDATIONS AND ORDER.

Based on the foregoing, I respectfully **RECOMMEND** that the Court:

1. **FIND** that the settlement agreement (Doc. No. 11-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2. **GRANT** the Motion for Settlement Approval (Doc. No. 11);

3. **DISMISS** this case with prejudice;

4. **PROHIBIT** Plaintiff's counsel from withholding any portion of the $1,850.00 she is to receive under the settlement agreement pursuant to a contingency agreement or otherwise; and,

5. **DIRECT** the Clerk of Court to close the file.

In addition, it is **ORDERED** that Plaintiff's counsel shall promptly provide a copy of this Report and Recommendation to Defendant's counsel and file a notice certifying compliance with this requirement no later than June 29, 2018.  If Defendant objects to approval of the settlement and dismissal of this case with prejudice, its counsel may file an objection within the time for objecting to this Report and Recommendation.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 28, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy